JAMES M. SANDFORD v. ANDREW L. MOELLER.

OBJECTION THAT SPECIAL ISSUES SUBMITTED TO JURY did not cover all the issues in the case can not be taken for the first time in the supreme court.

UNLESS STATUTORY REQUIREMENTS RELATING TO STATEMENT ON APPEAL ARE COMPLIED WITH, such statement will not be noticed on appeal, and the right to present such statement will be deemed to have been waived.

APPEAL from a judgment of the district court for the third judicial district, county of Yavapai, rendered in favor of the defendant, and from an order denying the plaintiff a new trial. The other facts are stated in the opinion.

*Masterson, Howard, Southworth,* and *Goodwin,* for the appellant.

*Hargrave* and *Rush & Wells,* for the respondent.

By Court, FRENCH, C. J.:

The jury in this case find on the special issues submitted to them: "1. That the plaintiff was not in prior possession by himself, or through his grantors, of the premises, or any part thereof, described in the complaint, on and before the months of February and March, 1868; 2. That the whole of the land in controversy was included in the military reservation known as Fort Whipple on the twenty-seventh day of April 1870."

Although the special issues submitted to the jury do not appear to have covered all the issues in the case, plaintiff made no objection to these issues as framed, or to the submission of the case to the jury on them, so far as the transcript discloses. It is alleged as one of the assignments of error, that the special issues submitted to the jury did not cover all the issues in the case. But this assignment was made for the first time in making up the record long after the trial of the case, and even here it is not alleged that plaintiff ever objected to the submission of the case to the jury on these special issues. The finding of the jury on these issues is decisive of the case; especially is the first one so decisive. We can not reach this verdict to disturb it on the record before us. The transcript contains a voluminous statement, in which many errors are alleged but not shown, and a large mass of redundant and irrelevant matter. The statutory provisions in regard to statement on appeal are found in sections 340 and 341, and the sections immediately following page 346 of the compiled laws. None of these statutory provisions have been complied with. It does not appear very clearly when the judgment was entered. But the decision was made on the twenty-fifth day of May, and the judgment was filed on the same day; the statement was served on the twenty-third of June following. This was not within the twenty days, and the three hundred and forty-first section prescribes the penalty, " he shall be deemed to have waived his right thereto."

We can therefore only consider the judgment roll, which showing no error on its face, the judgment must be affirmed, and it has been so ordered.